T.C. Memo. 2013-267

UNITED STATES TAX COURT

SIYAD A. JIBRIL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28216-11.                          Filed November 21, 2013.

Siyad A. Jibril, pro se.

<u>Nick G. Nilan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $4,362 deficiency in petitioner's Federal income tax for 2010.  The issues for decision are:  (1) whether petitioner is entitled to dependency exemption deductions for his cousins Najmo and Anas Muhumed; (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to an earned income credit.

[*2]                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in the State of Washington at the time he filed the petition.

Petitioner is an immigrant from Kenya and has lived in the United States since 2007.  He moved to Washington in May 2008.  Osab Sahal is petitioner's aunt and the mother of two children:  Anas Muhumed and Najmo Muhumed, who are also petitioner's cousins.  Petitioner's aunt and cousins emigrated from Kenya to Arizona in April 2009.  During 2010, the tax year in issue, Anas was 18 years old and Najmo was 20, and both were enrolled in high school.

In June 2009 petitioner moved to an apartment complex in Kent, Washington, where he signed a one-year lease for apartment R102.  In December 2009 petitioner purchased tickets to fly his aunt and cousins from Arizona to Washington where they moved into petitioner's apartment.

The four lived together in apartment R102 until sometime in January 2010, when petitioner's aunt and cousins moved to another unit within the same apartment complex--apartment W203.  At the time, petitioner's aunt and cousins were relying in part on Washington State welfare benefits and had insufficient income to qualify for an apartment on their own.  Petitioner helped them qualify

**[*3]** by cosigning the lease for apartment W203 and paying a portion of the monthly rent.

Throughout 2010 petitioner also supported his cousins in various other ways. He paid Anas' cell phone bill, purchased a car for his cousins' use, and paid the car insurance premiums. He also took his cousins shopping for school clothing.

When petitioner's lease for apartment R102 expired in June 2010, he moved out of his apartment and into apartment W203 with his aunt and cousins. They lived together in apartment W203 until September 2010, when petitioner moved from Kent to Seatac, Washington. Petitioner resided in Seatac for the remainder of 2010 and was still living in Seatac at the time he filed the petition.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2010 on which he reported $26,152 in wages and claimed dependency exemption deductions for his cousins, head of household filing status, and a $2,925 earned income credit.

OPINION

I.     Burden of Proof

Petitioner has neither claimed nor shown that he satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any

**[*4]** factual issue.[1] Accordingly, petitioner bears the burden of proof. See Rule 142(a).

## II.    Dependency Exemption Deduction

Section 151(a) and (c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child or a qualifying relative. Sec. 152(a). The requirement is disjunctive and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent.

### A.    Qualifying Child

An individual must meet five requirements in order to qualify as a taxpayer's qualifying child. See sec. 152(c)(1)(A)-(E). The pertinent factor here is the relationship requirement.

A qualifying child must be the taxpayer's child, brother, sister, stepbrother, stepsister, or a descendant of any of them. Sec. 152(c)(1) and (2). A cousin, however, does not fall within the list of relationships set out in section 152(c)(2). Thus, neither of petitioner's cousins is his qualifying child within the meaning of section 152(c). See sec. 152(c)(1)(A).

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*5]** B.     Qualifying Relative

An individual must meet four requirements in order to qualify as a taxpayer's qualifying relative.  See sec. 152(d)(1)(A)-(D).  The two pertinent factors here are the relationship requirement and the support requirement.

In order to satisfy the relationship requirement set out in section 152(d)(1)(A), an individual must bear a relationship to the taxpayer as specified in section 152(d)(2).  A cousin is not one of the specified relationships.  See sec. 152(d)(2).  However, petitioner's cousins may still meet the relationship requirement, under section 152(d)(2)(H), if either is "[a]n individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 7703, of the taxpayer) who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household."  In order for an individual to be considered a member of a taxpayer's household, both the taxpayer and the individual must occupy the household for the entire taxable year.  Sec. 1.152-1(b), Income Tax Regs.[2]

---

[2]Although sec. 1.152-1, Income Tax Regs., has not been amended to reflect changes in sec. 152 that were enacted by the Working Families Tax Relief Act of 2004, Pub. L. No. 108-311, sec. 201, 118 Stat. at 1169, we continue to rely on the regulation to the extent it is not inconsistent with sec. 152, as amended.  See, e.g., Gaitor v. Commissioner, T.C. Memo. 2010-70, 2010 WL 1407204, at *2 n.9.

**[\*6]**  During 2010 petitioner and his cousins lived together in apartment R102 for approximately one month, in separate apartments for four months, and together again in apartment W203 for as many as four months.  For the remaining three months of the year, petitioner and his cousins lived in different towns.  Although the regulations do provide an exception for temporary absences due to special circumstances, see id., there is no evidence in the record that petitioner's move to Seatac was a temporary absence.

Petitioner did not occupy the same household as his cousins for the entire taxable year.  Therefore, his cousins do not meet the relationship requirement set out in section 152(d)(1)(A).  Consequently, they are not petitioner's qualifying relatives under section 152(d), regardless of the amount of support petitioner provided to them.

We find that petitioner's cousins are neither his qualifying children nor his qualifying relatives; therefore, petitioner is not entitled to a dependency exemption deduction for either of them.

III.  Head of Household Filing Status

As relevant here, section 2(b)(1) defines "head of household" as an unmarried individual who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode of either a

[*7] qualifying child or any other dependent of the taxpayer if the taxpayer is entitled to a deduction for the dependent under section 151. See sec. 2(b)(1). The term "qualifying child", for purposes of section 2(b)(1), means a qualifying child as defined in section 152(c) without regard to section 152(e). Sec. 2(b)(1)(A)(i).

We have already found that petitioner's cousins are not his qualifying children or dependents within the meaning of section 151(c),[3] and petitioner has not introduced any evidence to show that he lived with any other qualifying children or dependents during 2010. Accordingly, petitioner is not entitled to file as head of household for 2010. See sec. 2(b)(1)(A)(i).

## IV. Earned Income Credit

Section 32(a) provides an earned income credit for an eligible individual for so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount. To be entitled to an earned income credit for the 2010 tax year, a taxpayer's earned income and adjusted gross income for the taxable year must each be less than: (i) $40,363 with two or more qualifying children; (ii) $35,535 with one qualifying child; or (iii) $13,460 with no qualifying children. Sec. 32(b)(2), (j)(1); Rev. Proc. 2009-50, sec. 3.06, 2009-45 I.R.B. 617, 622. The term "qualifying child", for purposes of section 32, means a qualifying child

---

[3]This remains true even without regard to sec. 152(e).

**[*8]** as defined in section 152(c) without regard to section 152(c)(1)(D) and (e). Sec. 32(c)(3)(A).

As discussed <u>supra</u>, petitioner's cousins are not his qualifying children.[4] Thus, for purposes of section 32, petitioner does not have any qualifying children. Petitioner reported earned income of $26,152 for 2010, <u>see</u> sec. 32(c)(2)(A)(i) (defining earned income to include wages), which is greater than the phaseout amount for a taxpayer with no qualifying children. Thus, petitioner is ineligible for an earned income credit. Respondent's determination is sustained.

We are sympathetic to petitioner's position. We also realize that the statutory requirements may seem to work harsh results to taxpayers, such as petitioner, who have provided significant support to family members but are unable to claim dependency exemption deductions for them. However, we are bound by the statute as written and the accompanying regulations when consistent therewith. <u>Michaels v. Commissioner</u>, 87 T.C. 1412, 1417 (1986).

---

[4]This remains true even without regard to sec. 152(c)(1)(D) and (e).

**[*9]** To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.